IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. |
| | : | 08-2257 |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| JUDITH CAMPELLONE | : | 06-309-1 |

<u>**REPORT AND RECOMMENDATION**</u>

**JACOB P. HART**
**UNITED STATES MAGISTRATE JUDGE**                                  **October 28, 2008**

This is a <u>pro se</u> Motion to Vacate, Set Aside, or Correct a federal sentence filed pursuant to 28 U.S.C. § 2255, by an individual currently incarcerated at the Federal Prison Camp in Danbury, Connecticut. In response, the United States Attorney's Office has filed a motion for dismissal of the petition. For the reasons that follow, I recommend that Respondent's Motion to Dismiss be granted and that Defendant, Judith Campellone's Motion filed pursuant to 28 U.S.C. § 2255 be dismissed.

**I.   FACTS AND PROCEDURAL HISTORY**

On September 11, 2006, pursuant to a plea agreement, Campellone entered a guilty plea to one count of mail fraud, in violation of 18 U.S.C. § 1341. As part of the agreement, Campellone waived her right to appeal or file a collateral challenge except in very limited circumstances. The waiver provision set forth in the agreement provides as follows:

> In exchange for the undertakings made by the government in entering this plea agreement, ***the defendant voluntarily and expressly waives all rights to appeal or collaterally attack the defendant's conviction, sentence or any other matter relating to this prosecution, whether such a right to appeal or collaterally attack arises under*** 18 U.S.C. § 3742, 28 U.S.C. § 1291, ***28 U.S.C. § 2255***, or any other provision of law. This waiver is not intended to bar the assertion of constitutional claims that the relevant case law holds cannot be waived.

      a.      Notwithstanding the waiver provision above, if the government appeals from the sentence, then the defendant may file a direct appeal of her sentence.

      b.      If the government doers not appeal, then notwithstanding the waiver provision set forth in this paragraph, the defendant may file a direct appeal but may raise only claims that:

          (1)      the defendant's sentence on any count of conviction exceeds the statutory maximum for that count as set forth in paragraph 6 above;

          (2)      the sentencing judge erroneously departed upward pursuant to the Sentencing Guidelines;

          (3)      the sentencing judge, exercising the Court's discretion pursuant to <u>United States v. Booker</u>, 125 S. Ct. 738 (2005), imposed an unreasonable sentence above the final Sentencing Guideline range determined by the Court; and or

If the defendant does appeal pursuant to this paragraph, no issue may be presented by the defendant on appeal other than those described in this paragraph.

Guilty Plea Agreement, Docket Entry # 9 at par. 9 (emphasis added).

      The Court conducted a thorough plea colloquy, at which time Judge Schiller specifically reviewed the waiver provision with Campellone before accepting her plea. On February 23, 2007, the Court conducted a sentencing hearing, but Judge Schiller advised the parties that he was not prepared to adopt the pre-sentence report because he was considering applying the sophisticated means enhancement, U.S.S.G. § 2B1.1(b)(9)(c) and an enhancement for use of an authentication feature under U.S.S.G. § 2B1.1(b)(10)(ii). The Court granted defense counsel's request for a continuance to brief the issues. On March 5, 2007, after defense counsel had filed a supplemental sentencing memorandum, the Court held a second sentencing hearing. Judge Schiller adopted the pre-sentence report, but added a two level increase, pursuant to U.S.S.G. § 2B1.1(b)(9)(c), because of the sophisticated means used in carrying out the offense. Campellone

was sentenced to 51 months imprisonment.  She voluntarily surrendered, pursuant to a Court order, on May 11, 2007.

On May 12, 2008, Campellone filed the instant petition under 28 U.S.C. § 2255.  She alleges three claims of ineffective assistance of counsel.  She asserts that counsel was ineffective for: (1) failing to raise as a defense that she was on Xanax during the time of the crime and at the time of the indictment through sentencing; (2) failing to show her the 1998 sentencing guidelines; (3) failing to investigate the dollar amount because she claims the total loss statement was not correct; and (4) failing to challenge that she was sentenced with an added enhancement. (Petition at pp. 6-7).  As an explanation for filing the petition late, Campellone states that she wanted to wait until the Xanax was out of her system for a full year before filing.  (Petition at p. 6).

Respondent asserts that pursuant to the waiver contained in the plea agreement, Campellone waived her right to file the instant petition and the petition should therefore be dismissed.  After review, we agree.

## II. DISCUSSION

In this case, it seems undisputed that the claims raised by Campellone do not fall within those permitted under the waiver provision.  Rather, she argues that due to her claims of ineffective assistance of counsel enforcement of the provision would result in a miscarriage of justice.

In order to determine whether Campellone's waiver of her right to file a collateral appeal is enforceable, we must first determine whether the waiver was entered into "knowingly and voluntarily."  See United States v. Kattak, 273 F.3d 557, 563 (3d Cir. 2001) (holding that

"waivers of appeals, if entered into knowingly and voluntarily, are valid, unless they work a miscarriage of justice"); see also United States v. Mabry, 536 F.3d 231, 237-38 (3d Cir. 2008) (specifically applying this standard to waivers of collateral appeals including Section 2255 petitions). The Court must examine both whether the waiver was entered into voluntarily and knowingly and whether enforcement of the waiver will result in a miscarriage of justice. Marbry, 536 F.3d at 237-38.

Here, the Court conducted a thorough plea colloquy at the change of plea hearing to ensure that Campellone was competent to enter a plea and that the plea was both knowing and intelligent. During the colloquy Judge Schiller asked Campellone whether she had taken any drugs, medicine or pills in the last twenty-four hours. Campellone responded that she had taken Xanax, but stated that it did not impair her ability to know what was going on and stated that she was fully aware of what was happening. (Change of Plea Hearing at p. 4). The Court also inquired as to whether Campellone had ever been hospitalized or treated for mental illness or narcotic addiction, to which she testified that she had not. Id. at 5. When asked whether she was under the care of a physician or psychiatrist, she testified that she was seeing a counselor in connection with the proceedings. Id. Campellone answered numerous questions regarding her right to counsel and responded that she had ample opportunity to discuss her case with her attorney and that she was satisfied with his representation. Id. at 6.

As to the waiver provision, when asked if she understood that she was giving up certain appellate rights, Campellone responded "yes, sir". Id. at 10-11. Her attorney then summarized the waiver provision on the record, followed by specific questions by the Court to ensure that she understood what rights she was waiving. The transcript reflects the following:

>MS. MARKMAN: First, Ms – Ms. Campellone understands that she is waiving her right to appeal and to collaterally attack her sentence for any alleged ineffective assistance of counsel. Notwithstanding that waiver, however, if the Government directly appeals your Honor's sentence, then all bets are off and Ms. Campellone can file an appeal.
>If we don't appeal your Honor's sentence, then notwithstanding any kind of waiver, she could appeal if your Honor's sentence were to exceed a statutory maximum penalty.
>And, if you erroneously upward – upwardly – departed as set forth under the sentencing guidelines and if your Honor and the defendant's claim – or the defendant's opinion – imposed an unreasonable sentence – unreasonable being defined under United States v. Booker.
>And other than –
>THE COURT: Whatever that is.
>MS. MARKMAN: It's like, what Potter Stewart said about obscenity, you know it when you see it.
>And we understand and we agree that Ms. Campellone has satisfied with the representation she's received and that the plea agreement contains all the terms of your agreement and there are no side deals.
>THE COURT: All right.
>Ms. Campellone, are those the terms of your plea agreement with the Government as you understand them?
>THE DEFENDANT: Yes, your Honor.
>THE COURT: And you signed the plea agreement?
>THE DEFENDANT: I did.
>THE COURT: Did you read it?
>THE DEFENDANT: I did.
>THE COURT: Did you discuss it with your lawyer?
>THE DEFENDANT: At that time, my lawyer was Carmen Nasuti and I did.

Id. at 11-12.

The Court continued to inquire as to the defendant's understanding of the other rights she was waiving, including the right to a jury trial, assistance of counsel, the presumption of innocence, the right to confront witnesses, the right to challenge the manner in which evidence was obtained, the right to present witnesses, the right to testify only if she chose to, to be

5

convicted only by a unanimous jury, and the right to an appeal represented by counsel.  Then once again, the Court returned to the issue of waiver of her appellate rights.  Judge Schiller asked if she understood that by pleading guilty she was giving up her right to appeal from any conviction after trial, to which she responded "yes".  He then inquired as to whether she understood that the only appeal from a guilty plea would be if he imposed an illegal sentence or if there are any errors in that proceeding or in the sentencing proceeding.  She again responded "yes".  Id. at 16.  Finally, before accepting her plea, Judge Schiller inquired as to whether counsel agreed that Campellone was competent and whether the plea was willing and voluntary.  Id. at 25.

Campellone's testimony at the change of plea hearing supports Judge Schiller's finding that the plea, which included the waiver provision, was entered into both knowingly and voluntarily.  We therefore find that Campellone knowingly and voluntarily waived her right to file a petition under 28 U.S.C. § 2255, except in the limited circumstances set forth in the waiver provision.  There is no indication that she was not competent or that she was misinformed regarding her plea or the waiver provision.

The remaining question is whether enforcement of the provision would result in a miscarriage of justice.  "Enforcing a collateral-attack waiver where constitutionally deficient lawyering prevented [the defendant] from understanding his plea ... would result in a miscarriage of justice."  United States v. Shedrick, 493 F.3d 292, 298 (3d Cir. 2007).  Campellone's arguments, which she now contend support a miscarriage of justice include various claims of ineffective assistance of counsel.  Defendant claims that her counsel was ineffective for:  (1) failing to raise as a defense that she was on Xanax during the time of the crime and at the time of

the indictment through sentencing; (2) failing to show her the 1998 sentencing guidelines; (3) failing to investigate the dollar amount on the total loss statement; and (4) failing to challenge the added enhancement at sentencing. (Petition at pp. 6-7).

However, Campellone was not prevented from understanding her plea agreement as a result of ineffective assistance of counsel. Her claims are completely belied by the record from the plea colloquy. Campellone's claim regarding a diminished capacity defense as a result of her being on Xanax contradicts her own testimony during the change of plea hearing. When asked whether the Xanax impaired her ability to know what was going on, she responded that it did not and that she was fully aware of what was happening. Change of Plea Hearing at p. 4. The record from the change of plea hearing and the plea agreement also indicate that Campellone was aware of the total amount on the loss statement and did not challenge it. The amount was stated on the record and she specifically testified that she agreed with the facts as summarized. Id. at pp. 20-21. As to Campellone's claims regarding the sentencing guidelines and the sentence enhancement, the plea colloquy also clearly demonstrates that she was aware of the maximum penalties. Id. at p. 22. She testified that she understood that the Court could in appropriate circumstances impose a sentence which is more or less severe than that which the guidelines recommend. Id. She was asked whether she understood that on the basis of her plea, she may receive a sentence up to the maximum permitted by law, to which she responded "I am aware of that." She was then asked whether she understood that she would not be entitled to withdraw her plea, if the Court imposes a more severe sentence than she expects or than any one else recommends, to which she responded "I am aware of that." Id. After being notified that the court was considering an enhancement, Defendant's counsel requested additional time, which

was granted, and he filed a supplemental brief. The sentence Campellone received was at the bottom end of the guideline range and did not exceed the statutory maximum. Considering these facts, we find that Campellone's claims of ineffective assistance of counsel do not excuse enforcement of the waiver provision in her plea agreement. She has not demonstrated that enforcement would result in a miscarriage of justice. Accordingly, we find that the waiver contained in the plea agreement must be enforced and the motion dismissed on that basis.

Furthermore, it is undisputed that Campellone's petition is untimely. Pursuant to 28 U.S.C. § 2255, as amended by the Antiterrorism and Effective Death Penalty Act of 1996, ("AEDPA"), motions to vacate federal sentences are subject to a one year limitations period. The limitations period begins to run from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255

Ordinarily, the one-year period begins to run from the date on which the judgment became final. The Court imposed the judgement of conviction on March 5, 2007 and her conviction became final on April 4, 2007, when the time for filing a direct appeal expired. See Pa.R.Crim.P. Rule 720 (30 days to file direct appeal). Even utilizing the prisoner mailbox rule,

Campellone did not file the current petition until May 12, 2008.

She has failed to demonstrate that she is entitled to equitable tolling of the limitations period. The Third Circuit has recognized that AEDPA's limitations period may be subject to equitable tolling in four very limited circumstances: (1) if the defendant has actively misled the plaintiff; (2) if the plaintiff has in some extraordinary way been prevented from asserting his rights; (3) if the plaintiff has timely asserted his rights mistakenly in the wrong forum; or (4) if the claimant received inadequate notice of his right to file suit, a motion for appointment of counsel is pending, or where the court has misled the plaintiff into believing that he had done everything required of him. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999). However, equitable tolling is to be invoked "only sparingly," See United States v. Midgley, 142 F.3d 174, 179 (3d Cir. 1998), and only when the petitioner establishes that he exercised "reasonable diligence" in investigating and bringing the claims. Miller v. New Jersey State Department of Corrections, 145 F.3d 616, 618-619 (3d Cir. 1998) (citing New Castle County v. Haliburton NUS Corp., 111 F.3d 1116, 1126 (3d Cir. 1997)).

We acknowledge that equitable tolling may be available in cases of mental incompetence where it is demonstrated that the petitioner is unable to pursue her legal rights, "provided there is a nexus between the petitioner's mental incompetence and [her] inability to file a timely petition." United States v. Harris, 268 F. Supp.2d 500, 506 (E.D. Pa. 2003). However, Campellone has not made such a showing. There is no indication that simply because she was taking prescription Xanax and was "stressed" that she was unable to timely file her petition. Her only basis for filing late is her statement that she wanted the medication to be out of her system for a full year before filing. As stated above, this contradicts her own testimony during the plea

colloquy that despite having taken Xanax in the past 24 hours she was fully aware of what was going on.  Campellone has not established that her case is deserving of equitable tolling.  She has not made a showing of a sufficient nexus between her alleged mental infirmity and any inability to file a timely petition.  She has also presented no evidence to establish that she exercised "reasonable diligence" in presenting her claims in a timely fashion. We therefore find that even absent the waiver provision in her plea agreement, this petition is also untimely and could be dismissed on that basis.

Therefore, I make the following:

## R E C O M M E N D A T I O N

AND NOW, this 28th day of October, 2008, IT IS RESPECTFULLY RECOMMENDED that the motion to vacate, set aside, or correct a federal sentence be DISMISSED.  There has been no substantial showing of the denial of a constitutional right requiring the issuance of a certificate of appealability.

/s/Jacob P. Hart
_____
JACOB P. HART
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CIVIL ACTION NO. |
| | : | 08-2257 |
| v. | : | |
| | : | CRIMINAL ACTION NO. |
| JUDITH CAMPELLONE | : | 06-309-1 |

**O R D E R**

BERLE M. SCHILLER, J.,

AND NOW, this            day of                    , 2008, upon careful and independent consideration of the Motion to Vacate, Set Aside, or Correct a Federal Sentence, and after review of the Report and Recommendation of United States Magistrate Judge Jacob P. Hart, IT IS ORDERED that:

1. The Report and Recommendation is APPROVED and ADOPTED.

2. The Motion for § 2255 Relief is DISMISSED.

3. There is no basis for the issuance of a certificate of appealability.

BY THE COURT:

_____
BERLE M. SCHILLER, J.